SALTONSTALL *v.* BOARD OF REVIEW OF CITY OF
CHEBOYGAN.

TAXATION—ASSESSMENT—CASH VALUE—WILD LANDS—CONSTITU-
TIONAL LAW.

Const. art. 14, § 12, requiring all assessments to be on property
at its cash value, does not permit an assessment on any other
basis than actual value; and a provision in a city charter that
wild and unimproved lands shall be assessed at their true
cash value considering the location, and not according to any
prospective or supposed value of such lands as city property,
is invalid.

*Certiorari* to Cheboygan; Shepherd, J. Submitted
December 2, 1902. (Calendar No. 19,443.) Decided
January 27, 1903.

*Mandamus* by Brayton Saltonstall to compel the board
of review of the city of Cheboygan to modify an assess-
ment. From an order denying the writ, relator brings
*certiorari.* Affirmed.

*Cross & Harpster* (*DeVere Hall*, of counsel), for re-
lator.

*C. S. Reilley*, for respondent.

MONTGOMERY, J. The charter of the city of Cheboy-
gan contains the following provision:

" In assessing lands within said city which are held and
used merely as farming lands, or which are wild and un-
improved, the supervisor shall assess such farming lands
and such wild and unimproved lands at their true cash
value considering the location of the same, and not accord-
ing to any prospective or supposed value of such lands as
city property." Act No. 333, Local Acts 1889, chap. 25,
§ 1.

We shall assume that the pleadings in this case fairly

raise the question of the constitutionality of this provision. Const. art. 14, § 12, provides that all assessments hereafter authorized shall be on property at its cash value. We are all agreed that this constitutional provision does not leave room for a different basis of valuation of real property as vacant or occupied.    Nor can it be evaded by authorizing a valuation of one class of property based upon its value for a particular use only.    To use an extreme illustration, a valuable painting might be framed so as to be available for use as a fire screen.    Yet it would not do to say that this constitutional requirement was met by authorizing the assessment of such a piece of property at its cash value as a fire screen.    The only safety is in refusing to fritter away this valuable protection to the taxpayer by any refined construction.    The intent of the framers of this provision is perfectly clear, and we hold that the actual value of the land must be the basis for assessment. See cases cited in note to section 3847, 1 Comp. Laws. Cases cited from other jurisdictions, construing constitutional provisions essentially different from ours, are of little aid, and certainly cannot be given the force of authority justifying a distortion of plain English.

It follows from the views expressed that the decision of the circuit court should be affirmed, and the writ of *mandamus* denied, with costs.

The other Justices concurred.